IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| CHARLES W. BARBER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07-00790-CV-W-HFS |
| | ) | |
| ALLIED OIL & SUPPLY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Defendant, which formerly had an employment relationship with plaintiff, moves to dismiss his complaint. In multiple counts plaintiff asserts breach of contract of continuing employment by termination, a termination contrary to public policy and breach of defendant's obligation to pay plaintiff's contractual compensation. Defendant relies on the statute of frauds, the absence of a breach of public policy, and makes additional contentions. Defendant also relies on a change of pleading obligations under Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007). Although there may be some overclaiming that is subject to early rejection as a matter of law I conclude that some of the issues cannot be resolved simply on the pleading.

It is very possible that the alleged contract of continuing employment until plaintiff chooses to retire can ultimately be rejected as a matter of Missouri law. The statute of frauds does not, however, bar use of an oral agreement that could be fully executed within a year (even if it is unlikely that the parties would have anticipated such a result). The contract may be too uncertain

to be enforced, however, because plaintiff's future compensation does not seem to have been fixed. Use of depositions or other fact-finding methods may lead to a successful motion for summary judgment. I do not view Twombly as requiring fact pleading, as in the early Twentieth Century.

If Twombly applies outside the antitrust field, as I suppose, it requires pleading that is at minimum "plausible", particularly when a plaintiff has chosen to explain in pleading the factual basis for a claim. I doubt that Twombly helps defendant materially in this case.

The public policy claim is baffling, and is so strange that one wonders if plaintiff and his counsel have been communicating accurately. In effect it seems to be alleged that the employer demanded that plaintiff reduce his compensation, through engaging in some sort of reverse commercial bribery (that is, paying tribute to the purchaser for a purchaser's acquisitions from the employer's competitor). A guess as to Missouri law under the circumstances might be made, but it would be more satisfactory to spell out the alleged transaction before examining legality.

The claim that plaintiff was not fully paid for what he did at the contract rate is conclusory. It would be better practice to have the specifics. I do not think Twombly, properly applied, will result in wholesale dismissals of vague pleadings.

It is therefore

ORDERED that the motion to dismiss (ECF doc. 3)[1] is DENIED as moot. It is further

---

[1] On November 12, 2007, Allied initially moved to dismiss the action (doc. 3), but before the motion was fully briefed plaintiff filed an amended complaint; rendering the motion moot.

ORDERED, for the reasons stated, that the second motion to dismiss (ECF doc. 9) is DENIED, without prejudice to reexamination of the viability of various claims when they are more clearly developed.

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

January 31, 2008

Kansas City, Missouri